NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Len Nelson, | No. CV-22-02193-PHX-SRB |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Petitioner, Christopher Nelson filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 on December 29, 2022 raising three claims for relief. Petitioner asserts that his trial counsel was ineffective because 1) he failed to interview witness L.S., 2) he failed to obtain and preserve L.S.'s recorded interview, and 3) he failed to cross examine the detective about L.S.'s statement made to him in the recorded interview. Respondents concede exhaustion but argue that all three grounds fail on the merits. Petitioner filed a Reply.

The Magistrate Judge issued her Report and Recommendation on August 28, 2023 recommending that the Petition be denied and dismissed with prejudice and that a Certificate of Appealability also be denied. Petitioner filed timely written objections.

L.S. was a witness in this case who died before Petitioner's trial. She had given a recorded statement to the police but was not interviewed by Petitioner's trial counsel who also did not offer her recorded statement at trial, and did not cross-

examine the detective about her statement.  Petitioner raised these same issues in his state court Petition for Post-Conviction Relief.  The trial court, in the last reasoned decision on these issues, found that trial counsel's tactical decisions had not been shown to be deficient nor had Petitioner shown that any such deficiency prejudiced him.

The Magistrate Judge correctly detailed the showing a petitioner must make to prevail on an ineffective assistance of counsel claim as established in *Strickland v. Washington*, 466 US 668 (1984) and the doubly deferential standard this Court must apply to the state court's application of the *Strickland* standard under AEDPA. Petitioner's burden is to show that "the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner."  *Woodford v. Visciotte*, 537 US 19, 25 (2002).  In recommending denial of his Petition, the Magistrate Judge concluded that Petitioner failed to show that the state court's rejection of his claims was contrary to *Strickland*, were an unreasonable application of *Strickland*, or were based on an unreasonable determination of the facts.

In his Objections, Petitioner reargues his habeas claims based on L.S.'s statement that to her knowledge, Petitioner was never alone with her son.  He continues in his assertion that this statement if admitted would have been exculpatory and was not a legitimate trial tactic as found by the state court.

Petitioner continues to fail to grapple with the fact that he was charged with and convicted of sexual exploitation of a minor by knowingly possessing child pornography and that there was overwhelming evidence that Petitioner knowingly possessed it as it was found on his cell phone.  Whether he was or was not ever alone with the victim depicted in the child pornography is not exculpatory and Petitioner's speculation that the SD images could have belonged to someone else was refuted by overwhelming evidence at trial.  Even if it would have been admissible, L.S.'s statement as taken by the detective or if taken by trial counsel, or if inquired about during cross examination of the detective would not have exculpated Petitioner from

the crime with which he was charged.  The Court agrees with the Magistrate Judge that the trial court reasonably concluded that the state court's rejection of his claims was not contrary to or an unreasonable application of the *Strickland* standard.

IT IS ORDERED overruling Petitioner's Objections to the Report and Recommendation.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 9)

IT IS FUTHER ORDERED Petitioner's Writ of Habeas Corpus is denied and dismissed with prejudice. (Doc. 1)

IT IS FURTHER ORDERED denying a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.


Dated this 2nd day of November, 2023.




_____
Susan R. Bolton
United States District Judge